UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JAMES SQUICCIARINI,

                                  Plaintiff,

-against-

THE VILLAGE OF AMITYVILLE, FIRE
CHIEF JEFFREY ERATH, FIRST ASSISTANT
CHIEF LELAND GREEY, SECOND ASSSITANT
CHIEF DAVID HEGARTY, THIRD ASSISTANT
CHIEF GAVIN BUDDE, WARDEN JAMES
JULIANO, WARDEN RONALD SMITH, WARDEN
ANTHONY SOARES, WARDEN WILLIAM REIN,
and SECRETARY ROGER SMITH,

                                  Defendants.
--------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-6768 (DRH)

**APPEARANCES:**

**For Plaintiff:**
The Law Office of Anthony M. Grandinette
114 Old country Road, Suite 420
Mineola, New Yok 11501
By:    Mirel Fisch, Esq.

**For Defendant:**
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, New York 11514
By:    Steven C. Stern, Esq.
         Chelsea Weisbord, Esq.

**HURLEY, Senior District Judge:**

       The purpose of this Order is to address Plaintiff's April 11, 2019 letter seeking "clarification" of this Court's March 15, 2019 Memorandum and Order (the "March Order")[1] regarding the eleventh cause of action for defamation. Despite the label affixed by plaintiff, his

---

[1] The March Order is reported at 2019 WL 1232093.

April 11, 2019 letter in reality seeks reconsideration of the referenced portion of the March Order, albeit in an untimely fashion. *See* Rule 6.3 of Local Civil Rules of United States District Court for the Southern and Eastern Districts of New York (requiring motion for reconsideration or reargument of a court order determining a motion to be served with fourteen (14) days after the entry of the Court's determination of the original motion). Despite its untimely nature, the Court, in its discretion, will grant reconsideration because, as discussed below, the Court did indeed overlook that the email sent by defendant Roger Smith was attached to the complaint. *See generally Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." However, upon reconsideration, the Court adheres to its ruling dismissing the defamation claim.

**Background**

The defamation claim set forth in the complaint alleged that "Defendants falsely claimed that Squicciarini failed to comply with the Fire Department's social media policy" and that "Defendants" disseminated this information orally at Siry's victory party, in an "email Roger Smith sent to numerous individuals," and in the minutes of the March 21, 2017 Fire Council meeting. (Compl. ¶¶ 187-89.)

Addressing first the dissemination of the minutes, the March Order concluded that the minutes accurately reflected what happened and therefore the requirement of a false statement was not met. Thus, that portion of the defamation claim was dismissed. (March Order at 22.)

Next, with respect to oral statements, the March Order found that the Complaint failed to "identify the allegedly defamatory statements, the person who made the statements, the time

when the statements were made, and the third parties to whom the statements were published" and without that information the Court could not discern, among other thing, whether the statement is defamatory. Leave to file an amended complaint within thirty (30) days was granted to address these deficiencies. (March Order at 22-23.)

Regarding the email sent by "Roger Smith," the March Order stated that "the complaint did not identify who this individual is (he is not a named defendant), what the email said, or facts as to why each and every individual defendant is responsible for Mr. Smith's email." Thus, the Court granted the motion to dismiss the eleventh cause of action and gave Plaintiff leave to file an amended complaint within 30 days. (March Order at 22.)

**Discussion**

The Court did indeed overlook that Roger Smith (and not just a "Ronald Smith") was named as a defendant and that the referenced email was an attachment to the complaint. However, that email simply attached, without any comment, a copy of the minutes of the March 21, 2017 Fire Council meeting and as this Court already held the Minutes themselves "accurately reflect what happened and therefore the requirement of a false statement is not met." (March Order at 22.) Accordingly, the defamation claim premised on the email remains properly dismissed.

Plaintiff has also renewed the request, made in his original opposition papers, for leave to replead his defamation claim with respect to the oral statements after conducting discovery as "critical facts necessary to support the defamation claim are currently not in Plaintiff's possession." That request was not overlooked. The Court made a conscious decision to allow amendment of the defamation claim within 30 days of its Order and not after discovery as requested. As defendants correctly argue, both now and its reply papers on the original motion:

"Plaintiff cannot use discovery as a tool to plausibly plead his defamation claim. He must state a plausible claim capable of surviving a motion to dismiss to 'unlock the doors of discovery.' *Ilarraza v. Medtronics, Inc.*, 677 F. Supp. 2d 582, 584 (E.D.N.Y. 2009)." (Defs.' Apr. 16, 2019 Ltr at 2.) The request to amend the defamation claim after discovery is once again denied. The defamation claim is dismissed in its entirety unless Plaintiff files an amended complaint with respect to the alleged oral defamatory statements within fourteen (14) days of the date hereof.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　s/ Denis R. Hurley
　　　　May 21, 2019  　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge